Below is a Memorandum Decision of the Court.



**Paul B. Snyder**
**U.S. Bankruptcy Court Judge**
(Dated as of Entered on Docket date above)

1
2
3
4
5
6
7

_____

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON AT TACOMA

8

| | |
|---|---|
| In re: | **Case No. 14-43428** |
| **STEVEN CRAIG POWELL** | **MEMORANDUM DECISION** |
| Debtor. | **ON MOTION TO DECLARE** |
| | **NOTICE OF DISCLAIMER VOID** |

9
10
11
12

13    This matter came before the Court on March 12, 2015, on a Motion to Declare Notice of

14   Disclaimer Void (Motion) filed by the Chapter 7 Trustee (Trustee) for the bankruptcy estate of

15   Steven Craig Powell (Debtor).   Objections were filed by Terrica Powell, in her status as a

16   beneficiary of the estate of Michael Powell, and by the personal representatives of the estate of

17   Michael Powell.  The Debtor joined in these objections.  A response in support of the Trustee's

18   Motion was filed by Danielle Canalizo, individually and as GAL for Child Victims 1 and 2

19   (Canalizos), creditors of the Debtor's bankruptcy estate.   At the hearing, the Court took the

20   matter under advisement and provided the parties an opportunity to submit supplemental

21   briefs.  A supplemental brief was filed by Michael Powell's estate on March 18, 2015, and by

22   the Trustee on March 20, 2015.  Based on the pleadings and arguments presented, the Court's

23   Memorandum Decision is as follows:

24    The facts relevant to this Motion do not appear to be disputed.  On August 2, 2007,

25   New York Life Insurance Company (NYL) issued a $1,000,000 five-year term life insurance

MEMORANDUM DECISION ON MOTION TO
DECLARE NOTICE OF DISCLAIMER VOID - 1

policy (Policy) to the Debtor's son, Joshua Powell, as the owner and primary insured. The Policy included two additional covered insurance riders (Riders) in the amount of $250,000 each for the sons of Joshua Powell and his spouse, Susan Powell. Susan Powell was named as the primary beneficiary.

On February 4, 2009, Joshua and Susan Powell executed a Revocable Trust (Trust) that designated them both as the primary beneficiaries. On February 5, 2009, Joshua Powell added the Trust as the second beneficiary under the Policy and Riders.

On December 6, 2009, Susan Powell disappeared from the Utah home where she was residing. Her whereabouts are still unknown.

On October 3, 2011, Joshua Powell removed Susan Powell and the Trust as beneficiaries under the Policy and replaced them with his siblings, Michael and Alina Powell, in equal shares. On December 3, 2011, Joshua Powell changed his beneficiaries under the Policy to Michael Powell (93%), Alina Powell (4%) and John Powell (3%). On that same date, Joshua Powell changed the primary beneficiary on the Riders to himself if living, and otherwise to Michael Powell.

On February 5, 2012, Joshua Powell and his two sons died in a house fire. On or about February 19, 2012, Michael, Alina and John Powell, submitted claim forms to NYL seeking death benefits under the Policy. On March 2, 2012, NYL filed an interpleader action in the United States District Court for the Western District of Washington (District Court) seeking direction from the District Court regarding who is the rightful owners and the proper recipients of the life insurance benefits on the Policy. The complaint names Joshua Powell's heirs at law; Jennifer Graves; the Debtor and Terrica Powell; Susan Powell's parents, Charles and Judy Cox; Susan Powell or her successor in trust; and the Estate of Susan Powell, an absentee person. On January 16, 2013, a Utah State court appointed Charles Cox as the conservator of Susan Powell's estate.

**Below is a Memorandum Decision of the Court.**

On January 24, 2013, Charles Cox filed a motion for partial summary judgment in the District Court case, arguing that Joshua's life insurance beneficiary changes violated his fiduciary duties under the Trust.

On or about February 13, 2013, Michael Powell died at the age of 30, without a surviving spouse or children. On or about May 6, 2013, a Pierce County Superior Court for the State of Washington (Superior Court) opened an intestate proceeding for the estate of Michael Powell. The Debtor's daughter, Alina Powell and the Debtor's ex-wife, Terrica Powell, were appointed Co-Personal Representatives of Michael Powell's estate.

On May 16, 2013[1], the District Court entered an Order Denying Charles Cox's Motion for Partial Summary Judgment (May 16, 2013 Order), ruling that Susan Powell was entitled to one-half of the proceeds of the Policy in accordance with Washington State community property law and Joshua Powell was entitled to dispose of one-half of the Policy to individuals other than his wife. See May 16, 2013 Order 6:10-13, Case No. C12-5184-RBL, ECF No. 90.

The Debtor subsequently signed a Notice of Disclaimer (Disclaimer) dated January 22, 2014, which was filed in the Superior Court proceeding for Michael Powell's estate on February 25, 2014.

After competing motions by Charles Cox and the Powells for disbursement of the Policy funds, on May 14, 2014, the District Court entered an Order declaring that the Washington State slayer statutes codified at RCW 11.84.010-.900 do not invalidate Joshua Powell's beneficiary designation for his one-half interest in the Riders on his sons. The District Court further held that there were no grounds to create a constructive trust on Joshua Powell's one-half interest in the Policy for Susan Powell's benefit. A judgment authorizing disbursement of the proceeds was entered by the District Court on July 10, 2014. The West Law Firm, P.S. is currently holding the proceeds from the Policy by order of the District Court.

---

[1] In the Trustee's pleadings she incorrectly indicates that this Order was entered on March 16, 2013.

MEMORANDUM DECISION ON MOTION TO
DECLARE NOTICE OF DISCLAIMER VOID - 3

On June 19, 2014, the Debtor filed a voluntary Chapter 7 petition in the U.S. Bankruptcy Court for the Western District of Washington. The Trustee filed the current Motion on January 28, 2015.

Michael Powell died intestate. Under the laws of the State of Washington, Michael Powell's parents became his heirs. RCW 11.04.015(2)(B). Accordingly, upon Michael Powell's death, the Debtor became a 50 percent heir of Michael Powell's estate. As previously set forth above, at the time of his death, Michael Powell was a 93 percent beneficiary of the Policy and 100 percent beneficiary of the Riders. Based on the District Court's May 16, 2013 ruling, Joshua Powell was only able to dispose of his 50 percent interest in the Policy and the remaining 50 percent belonged to Susan Powell's heirs.

Michael Powell's interest is therefore 93 percent of a 50 percent interest in the $1,000,000 Policy and $500,000 Riders. The Debtor's interest is 50 percent of that amount. With accrued interest, the Trustee alleges that the Debtor's interest is $378,186.03 and that this is the amount that is property of the Debtor's bankruptcy estate.

It is the Trustee's position that the Debtor's disclaimer of any interest in Michael Powell's estate is void because it was not timely filed.

In relevant part, RCW 11.86.031 provides:

> (2) The disclaimer must be delivered or mailed as provided in subsection (3) of this section at any time after the creation of the interest, but in all events by nine months after the latest of:
> (a) The date the beneficiary attains the age of twenty-one years;
> (b) The date of the transfer;
> (c) The date that the beneficiary is finally ascertained and the beneficiary's interest is indefeasibly vested; or
> (d) December 17, 2010, if the date of the transfer is the date of the death of the creator of the interest and the creator dies after December 31, 2009, and before December 18, 2010.

In accordance with this section, the disclaimer must be delivered or mailed at any time after the "creation of the interest," but in all events by nine months after the latest of one of the four enumerated events. Pursuant to RCW 11.86.011(6), "'interest' includes, but is not limited

MEMORANDUM DECISION ON MOTION TO
DECLARE NOTICE OF DISCLAIMER VOID - 4

to, an interest created in any of the following manners: (a) By intestate succession." The interest at issue in this case was created when Michael Powell died intestate on February 13, 2013. See RCW 11.86.011(6)(a); see also In re Baird, 131 Wn.2d 514, 520 (1997). As the Notice of Disclaimer was filed on February 25, 2014, it was filed after the "creation of the interest."

The next issue is whether the Notice of Disclaimer was timely filed within nine months after the latest occurrence of the four enumerated events. Subsections (a) and (d) of RCW 11.86.031 are inapplicable because Michael Powell was over 21 years old at the time of his death, and he died after December 18, 2010. Resolution of this issue therefore depends on whether the latest applicable event arises under subsection (b) or (c) of RCW 11.86.031(2). Under subsection (b), the date of the transfer is the date of the death of the creator of the interest. See RCW 11.86.011(3)(a)(ii). Michael Powell's death occurred on February 13, 2013. Thus, the date of the transfer under subsection (b) is February 13, 2013.

The inquiry under subsection (c) is the date that the "beneficiary is finally ascertained and the beneficiary's interest is indefeasibly vested." RCW 11.86.031(2)(c). For purposes of this chapter, "beneficiary" is defined as "the person entitled, but for the person's disclaimer, to take an interest." RCW 11.86.011(1). In the instant case, the date the beneficiary (the Debtor) was finally ascertained is the date of Michael Powell's death. Michael Powell died intestate, and pursuant to RCW 11.04.015(2)(b), when a person in Washington State dies intestate without a spouse or children, the entire net estate shall descend and be distributed to the parent or parents who survive the intestate. Accordingly, upon Michael Powell's death, his entire net estate descended to his father (the Debtor) and his mother. It is irrelevant to this inquiry that there were ongoing disputes over the extent of Michael Powell's estate. Such disputes had no bearing on who were his intestate beneficiaries. Michael Powell's beneficiaries were finally ascertained as of February 13, 2013, the date of his death.

MEMORANDUM DECISION ON MOTION TO
DECLARE NOTICE OF DISCLAIMER VOID - 5

The more difficult issue in this case is the date that the Debtor's interest was "indefeasibly vested." The Trustee argues that the Debtor's interest was also indefeasibly vested upon Michael's death. If accepted, the triggering date under subsection (c) is February 13, 2013, because on that date the beneficiaries were finally ascertained and indefeasibly vested. Accordingly, as the Notice of Disclaimer was not delivered within nine months of February 13, 2013, it is invalid.

The opposing parties argue that the Debtor's interest was not indefeasibly vested until the District Court's Order entered on May 14, 2014, or the judgment entered on July 10, 2014, because prior to those dates the ownership of the life insurance proceeds was very much in dispute. If this argument is accepted, the triggering date under subsection (c) is either May 14, 2014, or July 10, 2014, because it is not until that decision or order was rendered that the beneficiaries were finally ascertained <u>and</u> indefeasibly vested. As the Notice of Disclaimer was filed within nine months of either of those dates, the Disclaimer would be timely and these funds would not then be property of the Debtor's estate.

The parties admit that they were able to locate little case law on this issue that is instructive. The Court agrees that the case law is limited and that the cases that were cited have little application to the issue now being decided.

In support of her argument that the Debtor's interest became indefeasibly vested at the time of Michael Powell's death, the Trustee relies on the case of <u>Aetna Life Ins. Co. v. Wadsworth</u>, 102 Wn.2d 652 (1984). According to the Trustee, <u>Aetna Life</u> holds that an "interest in an insurance policy becomes indefeasibly vested once the insured can no longer change the beneficiary and there are no insurance premiums to pay." Trustee's Motion 7:4-6, ECF No. 58. Pursuant to this holding, the Trustee argues that the interest at issue in this case became indefeasibly vested at the time of Michael Powell's death because at that point he

could no longer change the beneficiary and there were no premiums to be paid on the Policy. The Trustee's reliance on Aetna Life, however, is misplaced.

Aetna Life is not a disclaimer case. The issue in Aetna Life was whether the deceased insured's first or second wife was entitled to the proceeds of a group term life insurance policy. The King County Superior Court granted summary judgment in the second wife's favor and the first wife appealed. The Washington State Supreme Court reversed the Superior Court and held that the first wife was entitled to one-half of the proceeds to the extent that the second wife's community property rights were not invaded. No interests were disclaimed in Aetna Life.

This case is also inapplicable because the interest at issue before this Court is not that of the beneficiary under the Policy. Aetna Life is instructive in determining when Michael Powell's interest under the Policy became indefeasibly vested, not the interest of the Debtor. According to Aetna Life, Michael Powell's interest under the Policy as a beneficiary became indefeasibly vested when Joshua Powell died, because at that point, Joshua Powell could no longer change the beneficiary and there were no insurance premiums to pay as they proceeds had already been paid. That interest, however, is not in dispute. The issue before the Court is when the interest of the Debtor became indefeasibly vested. Whether premiums remained to be paid has no bearing on when this interest became indefeasibly vested.

The triggering date under RCW 11.86.031(3)(c) is the date that the beneficiary is finally ascertained and the interest is indefeasibly vested. As stated above, the beneficiary in this case was finally ascertained on February 13, 2013. The issue is whether that is also the same date upon which the interest was indefeasibly vested. In resolving a statutory dispute, particularly where recent case law is lacking, the Court must start with the language of the statute itself. The term "indefeasibly vested" is not defined in the statute.

Although the term "indefeasibly vested" is not defined in the statute, the term "interest" is defined. What a person is disclaiming under RCW 11.86.031 is an "interest." This Court

must determine when such interest indefeasibly vests. The term "interest" is defined at RCW 11.86.011(6) to include "the whole of any property, real or personal, legal or equitable, or any fractional part, share, or particular portion or specific assets thereof, any vested or contingent interest in any such property, any power to appoint, consume, apply, or expend property, or any other right, power, privilege, or immunity relating to property." As the term interest includes both vested and contingent interests, by definition it includes future as well as present interests. It is the distinction between a present and future interest that convinces the Court that the Trustee's interpretation of RCW 11.86.031 is correct.

A present interest is one in which the holder of the interest may demand immediate possession or enjoyment upon the creation of the interest. The time to disclaim a present interest begins to run at the transferor's death because the present interest is created at that time. See RCW 11.86.011(3)(a)(ii) and (6); RCW 11.86.031(2)(b). The term "indefeasible" has no application to a present interest because it is by definition "indefeasibly vested" at the time it is created.

A future interest, by comparison, is one in which the interest holder cannot demand immediate possession or enjoyment upon the creation of the interest. Instead, possession or enjoyment is delayed until some point in time or event in the future. In accordance with RCW 11.86.011(6), such an interest is vested or contingent. According to the Restatement (Third) of Property, there were historically four vesting categories for a future interest: (1) indefeasibly vested; (2) vested subject to complete defeasance; (3) vested subject to open; and (4) contingent. Restatement (Third) of Property § 25.3 (2011).

As stated above, "indefeasibly vested" is not defined in Washington State's disclaimer statute. "When terms used in a statute are undefined, we give them their ordinary meaning." Asgrow Seed Co. v. Winterboer, 513 U.S. 179, 187, 115 S. Ct. 788 (1995). The Restatement defines an "indefeasibly vested" future interest as one that is "not subject to a condition or a

limitation that might prevent it from taking effect in possession or enjoyment and not subject to a limitation that would prevent it from becoming a fee simple absolute once it became possessory." <u>Restatement (Third) of Property</u> § 25.3 (2011).

Accordingly, the term "indefeasibly vested" is a term of art in property and estate law and by definition is limited in application to future interests. The term is used to define whether disclaimer of a future remainder interest is timely made. The illustration often provided is that of a grantor's will that establishes a trust directing that all net income be distributed to his surviving wife for her lifetime, and then to the grantor's son if he survives the grantor's wife, and if not, to the son's issue who survive the grantor's wife. In this example, it is uniformly accepted that the interest "indefeasibly vests" upon the death of the life interest. <u>See, e.g.</u>, <u>Estate of Koplin</u>, 70 Cal. App.3d 686, 696 (1977).

This interpretation is also supported by a review of the Washington State disclaimer statute (RCW 11.86.010-.090) and an examination of the differences between the Washington State statute and the federal tax code. Washington State's disclaimer statute was enacted in 1973 and codified in RCW 11.86. <u>See</u> 1973 Wash. Sess. Laws ch. 148 § 4. One of the most significant changes of the disclaimer statute was to set forth specific time limitations for disclaimers. At common law, most states enforced a "reasonable time" standard for disclaiming.

In 1976, new sections were added to the Internal Revenue Code by the enactment of the Tax Reform Act of 1976 in an attempt to provide uniform treatment regarding the use of disclaimers for federal estate and gift tax purposes. <u>See</u> <u>Bogert's Trusts and Trustees</u> § 171 (2014). The Washington State disclaimer statute was amended in 1989 to bring the state statute in conformity with federal tax laws. One of these changes was to repeal RCW 11.86.030, which dealt with the time for filing a disclaimer, and replace it with RCW 11.86.031.[2]

---

[2] Although RCW 11.86.031 was subsequently revised in 1995 and 2011, no revisions were made to RCW 11.86.031(2)(b) and (c), which are the sections at issue in this decision.

MEMORANDUM DECISION ON MOTION TO
DECLARE NOTICE OF DISCLAIMER VOID - 9

<u>See</u> Trustee Reply Ex. A, ECF No. 68-1; 1989 Wash. Sess. Laws ch. 34 § 3. The most significant change of new RCW 11.86.031 was that it now "parallels the requirements under federal law, 26 U.S.C. S. 2518(b)(2), and clarifies current RCW 11.86.030, which is silent about a time limit for inter vivos transfers." Trustee Reply Ex. A, ECF No. 68-1 at 4.

Although many states, including Washington, have attempted to bring disclaimer statutes in conformity with the tax code, it is widely recognized that the state and federal requirements do not always coincide. Litigation has arisen over the issue of whether a disclaimer was effective for purposes of federal tax and/or state law. Resolution of this issue is important because the primary distinction between federal and most states' disclaimer laws is the inclusion under state law of a time period for disclaiming, dependent upon whether an interest has "indefeasibly vested."

Most commentators recognize that the time period for disclaiming is typically the same between federal and state law in regards to present interests. Typically, the period for disclaiming a present interest under federal and state law begins to run upon date of the transfer, or the date of the grantor's death. Again, this is the situation provided for in Washington State by RCW 11.86.031(2)(b). The differences arise in how the period for renouncing future interests is calculated.

Washington State, as does many states, requires that the beneficiary of a future interest be finally ascertained and the interest indefeasibly vested for the nine month disclaimer period to start running. Other states also require that the beneficiary have actual knowledge of the interest to be disclaimed.[3] By contrast, the federal statute measures the nine month period from the day on which the interest is created. <u>See</u> 26 U.S.C. § 2518(b)(2).

[3] Washington State has a similar requirement for interests that exist as of June 7, 1973. <u>See</u> RCW 11.86.090.

MEMORANDUM DECISION ON MOTION TO
DECLARE NOTICE OF DISCLAIMER VOID - 10

In regards to the disclaimer of future interests, these differences often create inconsistent results between federal and state law.  It is these distinctions and the case law that recognizes them that assist the Court in resolving the issue before it.

In Keinath v. Comm'r of Internal Revenue, 480 F.2d 57 (8th Cir. 1973), a grantor created a trust that provided for his wife to receive all of the net income for her life, and then to the grantor's son if he survived the grantor's wife, and if not, the property would pass to the son's issue who survived the grantor's wife.  Grantor's wife died 19 years after the grantor's death and the grantor's son executed a disclaimer within two months of the wife's death.  The Eighth Circuit Court of Appeals (Eighth Circuit) reversed a United States Tax Court decision and concluded that for federal gift tax purposes the disclaimer was timely because it was made within a reasonable time after the death of the life beneficiary, for that is when the interest became "indefeasibly vested."  When the Keinath decision was rendered, the federal tax code did not specify a time period for disclaiming.  The Eighth Circuit took the position that because there was not a federal statute defining when a disclaimer should be filed, the court should look to state law.  Under Minnesota law, a beneficiary had a reasonable time to disclaim an interest and in this case the disclaimer was timely because a reasonable time was within six months after the event that caused the interest to be indefeasibly fixed.  According to the Eighth Circuit, "the time in which a remainder interest subject to divesture must be disclaimed commences upon the death of the life beneficiary, which in turn allows the remainder interest to be irrevocably fixed not subject to divestment." Keinath, 480 F.2d at 64.

The Ninth Circuit Court of Appeals (Ninth Circuit) reached the opposite conclusion in Jewett v. Comm'r of Internal Revenue, 638 F.2d 93 (9th Cir. 1981).  Under similar facts, the Ninth Circuit held that a remainder interest for federal gift tax purposes is only effectively disclaimed if made within a reasonable time from when the interest is created.  The United States Supreme Court agreed and affirmed the Ninth Circuit decision. See Jewett v. Comm'r

MEMORANDUM DECISION ON MOTION TO
DECLARE NOTICE OF DISCLAIMER VOID - 11

of Internal Revenue, 455 U.S. 305 (1982). The Supreme Court based its decision in part on the plain language of the Tax Code, pointing out that the "lack of any reference in the Regulation to future interests or contingent remainders, and the consistent focus on transfers effected by the decedent by will or through the laws of intestate distribution, undermine the suggestion that the relevant transfer occurs other than at the time of the testator's death." Jewett, 455 U.S. at 312.

Thus, it is the lack of a provision in the Tax Code similar to RCW 11.86.031(2)(c) that leads to inconsistent results between federal and state law. Based on the examples set forth above, in order for a disclaimer to be valid for federal estate and gift tax purposes, the son would have to disclaim any interest in the trust assets within 9 months of the death of the grantor. See Jewett, 455 U.S. at 312. However, under RCW 11.86.031, the disclaimer would be valid under Washington State law so long as the son properly disclaims within nine months of the death of the life beneficiary because that is the date when the son's interest became indefeasibly vested.

Although the Court is not aware of any Washington State case law directly on point, there are Internal Revenue Service (IRS) Private Letter Rulings that also recognize this distinction. For instance in a Private Letter Ruling issued August 5, 1994, the IRS ruled on the federal gift tax consequences of a disclaimer by a trust beneficiary in Washington State. See I.R.S. Priv. Ltr. Rul. 9431022 (August 5, 1994). Although the IRS made no ruling on whether the disclaimer was effective for federal gift tax purposes because it required resolution of an issue of fact, the IRS concluded that the disclaimer was effective under Washington law, and specifically RCW 11.86.031(2)(c), because the interest became "indefeasibly vested" upon the life beneficiary's death.

The above decisions and Letter Ruling are instructive because they provide insight into why the term "indefeasibly vested" was included in RCW 11.86.031(2)(c) and for what purpose.

MEMORANDUM DECISION ON MOTION TO
DECLARE NOTICE OF DISCLAIMER VOID - 12

This term was included to provide some certainty for determining when the time period for disclaiming a future interest commences. Contrary to federal law, Washington State took the position, as did most other states, that the time period for disclaiming a future interest would not commence upon the date of the transfer as it would for a present interest. Rather, the time period would commence when the beneficiary was finally ascertained and the interest indefeasibly vested. In most situations, this is on the date of the death of the life beneficiary.

The Court agrees with the Trustee that the comments to the Uniform Act also support the Trustee's position. In an effort to bring uniformity to disclaimer laws, the National Conference of Commissioners on Uniform State Laws proposed a Uniform Disclaimer of Property Interests Act (Uniform Act) in 1978.[4] Six states have adopted the Uniform Act with minor variations. Washington State is not one of these states. The comments to the Uniform Act, although not binding, are instructive, particularly because of the many similarities between the Uniform Act and Washington State disclaimer statute.

As in Washington State, the Uniform Act provides that a disclaimer must be delivered within nine months after the interest is "finally ascertained and his interest is indefeasibly vested." Uniform Act § 2(a). In the comments, the drafters recognize that this language starts the time period for disclaiming future interests and then provides an example very similar to that set forth above, "T dies in 1980 and his will leaves his estate to A for life, remainder to B if he survives A." In this situation, the comments indicate that B would have to disclaim within 9 months of the death of A. Uniform Act § 2(a) cmt. (1978). Thus, as in Washington State, the term "indefeasibly vested" was included in the Uniform Act to provide certainty and establish a time period for disclaiming a future remainder interest.

Accordingly, the Court concludes that the term "indefeasibly vested" is a term of art used to determine when the time period for disclaiming a future interest commences. The

---

[4] In 1999, the National Conference of Commissions on Uniform State Laws promulgated a new Uniform Act. Washington has not adopted either of the Uniform Acts.

MEMORANDUM DECISION ON MOTION TO
DECLARE NOTICE OF DISCLAIMER VOID - 13

**Below is a Memorandum Decision of the Court.**

materials, legislative history and case law that the Court reviewed point to this conclusion.  The parties were unable to provide any case law that this term is instead dependent upon the resolution of legal disputes or litigation, and the Court is not aware of a single case, in dicta or otherwise, that would support this position.  In calculating whether the Debtor's disclaimer was timely filed, it is irrelevant that litigation was pending in District Court.  It is therefore not necessary for this Court to evaluate the potential effect of such litigation or its outcome in making this determination.  It is also untrue that accepting the Trustee's position renders RCW 11.86.031(2)(c) superfluous and fails to recognize the distinction between "vested" and "indefeasibly vested."  In Washington State, a beneficiary who possesses a future interest must disclaim within nine months of the date that the beneficiary is finally ascertained and the beneficiary's interest is indefeasibly vested.  When dealing with a future interest, this time period will not be the same date as the date of the transfer.  Likewise, the date that the interest vests may not be the same as the date upon which the interest indefeasibly vests.

The interest at issue in this case, however, is not a future interest.  When Michael Powell died intestate, the interest at issue was transferred to the Debtor under the intestate laws of Washington State.  Although the extent of the assets transferred were at issue, this was still a present interest that was created and transferred to the Debtor upon Michael's death.  In such a situation, the date of the transfer and the date that the beneficiary is finally ascertained and interest indefeasibly vests is the same.  As the Debtor did not timely disclaim this interest within nine months of Michael's death, the disclaimer is not valid under Washington State law.  The Trustee's motion to declare the disclaimer void is granted.

///End of Memorandum Decision///